**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ZOE AJJAHNON,

        Plaintiff,

v.                                                              Case No.: 6:22-cv-329-WWB-LHP

AMERILIFE OF NORTH CAROLINA,
LLC,

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 38), Defendant's Response in Opposition (Doc. 41), and Plaintiff's Reply (Doc. 44).[1]  For the reasons set forth below, Plaintiff's Motion will be granted in part.

## I.      BACKGROUND

Plaintiff, Zoe Ajjahnon, alleges that she obtained a Florida license to sell life, health, and variable annuity insurance products in August 2021.  (Doc. 11 at 3–4). Thereafter, Plaintiff alleges that Defendant AmeriLife of North Carolina, LLC called her in September 2021, to set up a job interview.  (*Id.* at 8).  Although Plaintiff alleges that she never submitted a resume to Defendant, she attended the interview and was immediately offered a position.  (*Id.* at 8–9).  On October 1, 2021, Plaintiff entered into various

---

[1] The parties' filings fail to comply with this Court's January 13, 2021 Standing Order and the page limitations set forth in Local Rule 3.01.  *See* M.D. Fla. R. 3.01(a)–(b) (providing that a motion may be "no longer than twenty-five pages inclusive of all parts" and response may be "no longer than twenty pages inclusive of all parts").  In the interests of justice, the Court will consider the filings, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

agreements, including an Independent Agent Agreement, with AmeriLife and Health Services of Central Florida, LLC. (Doc. 41-1 at 6–45).

Plaintiff alleges that as a result of signing the agreements, she was forced to terminate her existing errors and omission ("**E&O**") and professional liability insurance coverage and obtain such coverage from Defendant at a higher rate. (Doc. 11 at 9). Plaintiff asserts that she completed the onboarding process and attended a mandatory training in October 2021 and was advanced $350 for her attendance. (*Id.* at 9–10). Thereafter, Plaintiff failed to complete any business with Defendant by December 2021 and initiated a two month leave of absence. (*Id.* at 10). In December 2021, Plaintiff's agreement was terminated. (*Id.*). In the termination letter, Plaintiff was told that she owed a total of $500 and that failure to timely pay this debt, payable to AmeriLife of Polk County, LLC, would result in her account being placed in collections. (*Id.* at 11; *see also* Doc. 11-1 at 1–2). The ledger shows that the charges are for, in part, E&O, rent, and technology fees in connection with the AmeriLife of Central Florida, L.L.C. field office. (Doc. 11-1 at 3). The envelope used to mail the various documents contained a return address for Defendant. (*Id.* at 4).

Plaintiff claims that she is unable to be appointed as an insurance carrier because of the collections activity and will continue to be unable to be appointed until it is removed from her credit history. (Doc. 11 at 14). As a result, Plaintiff brings claims against Defendant for violation of the federal Racketeer Influenced and Corrupt Organizations Act ("**RICO**"), 18 U.S.C. § 1962. (*Id.* at 70–113).

## II.     LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is material if it may "affect the outcome of the suit under the governing law."  *Id.*  "The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1313–14 (11th Cir. 2007).  Stated differently, the moving party discharges its burden by showing "that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

However, once the moving party has discharged its burden, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (quotation omitted).  The nonmoving party may not rely solely on "conclusory allegations without specific supporting facts."  *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985).  Nevertheless, "[i]f there is a conflict between the parties' allegations or evidence, the [nonmoving] party's evidence is presumed to be true and all reasonable inferences must be drawn in the [nonmoving] party's favor."  *Allen*, 495 F.3d at 1314.

III.   **DISCUSSION**

Plaintiff seeks summary judgment on Defendant's eighteen affirmative defenses. Defendant argues that Plaintiff's Motion fails to meet the requirements of Rule 56 and her unsupported arguments and assertions are contradicted by the record evidence. Defendant also argues that summary judgment should be granted in its favor on its defenses and affirmative defenses.

Defendant's first affirmative defense posits that Plaintiff "failed to plead facts sufficient to establish personal jurisdiction" over Defendant in this Court.  (Doc. 22 at 28). In her Motion, Plaintiff directs the Court to paragraphs nineteen and twenty of the Second Amended Complaint, which in turn state that Defendant's principal office is in Pinellas County, Florida and that the alleged conduct requires this Court to have personal jurisdiction "for the ends of justice."  (Doc. 11 at 7).  Plaintiff provides no further elaboration in her Motion and fails to cite any evidence or legal authority for the proposition that either venue or personal jurisdiction is proper in this Court.  Accordingly, Plaintiff's Motion will be denied as to Defendant's First Affirmative Defense.

In its second affirmative defense, Defendant states that Plaintiff has failed to sufficiently allege subject-matter jurisdiction.  In her Motion, Plaintiff states that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because she is alleging claims arising under federal law.  In this respect, the Court agrees that Plaintiff has adequately alleged the existence of subject-matter jurisdiction.   Plaintiff's Motion will be granted as to Defendant's second defense.

The third affirmative defense argues that Plaintiff has failed to state a claim because she failed to allege any facts showing that Defendant was a party to the

agreements or took any action to collect a debt against her.  In her Motion, Plaintiff directs this Court to the use of Defendant's return address on an envelope used to send a demand for payment and two pages of the agreement that do not reference or name Defendant as proof of her claims.  (Doc. 38 at 10–12).  However, Plaintiff fails to explain how this proves that she has sufficiently alleged or proved a claim against Defendant for the numerous RICO violations alleged in the Second Amended Complaint.  At best, this shows that there are disputed issues of material fact as to Defendant's involvement in this dispute.  Plaintiff's Motion will be denied as to Defendant's third defense.

Defendant's fourth affirmative defense states that Plaintiff has failed to mitigate her damages.  Plaintiff's Motion asserts numerous factual statements unsupported by record evidence as proof of her mitigation, but her simple statement in her Motion is not enough to establish a lack of a material fact on the issue.  *Anthony v. Georgia*, 69 F.4th 796, 804 (11th Cir. 2023) ("[U]nsubstantiated assertions alone are not enough to withstand a motion for summary judgment." (quoting *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987)); *see also Hooker v. Fournier*, 29 F. App'x 641, 643 (2d Cir. 2002) ("[I]n the summary judgment context, mere conclusory allegations . . . in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." (quotation omitted)); *Taie v. Ten Bridges LLC*, No. C21-0526, 2023 WL 8237112, at *3 (W.D. Wash. Nov. 28, 2023) ("[L]egal memoranda alone are not sufficient to support a plaintiff's burden under Rule 56(c).").  Accordingly, Plaintiff's Motion will be denied as to Defendant's fourth affirmative defense.

Defendant's fifth affirmative defense posits that it is not a party to the agreement and its sixth states that it never reported any debt on Plaintiff's credit history.  In her

Motion, Plaintiff again points the Court to single page of the agreement that does not reference or name Defendant without further legal or factual argument.  Likewise, Plaintiff does not direct the Court to single piece of record evidence in support of her arguments as to the sixth affirmative defense.  Plaintiff's Motion is legally insufficient and will be denied as to the fifth and sixth defenses.

The seventh affirmative defense argues that Plaintiff's claims are barred because she is solely responsible for any damages she incurred and the eighth affirmative defense rests on the doctrine of unclean hands.  Defendant's ninth defense states that any actions taken were necessary and taken in good faith to collect a debt.  Plaintiff's Motion fails to cite any legal authority or record evidence or make any proper argument as to her entitlement to summary judgment with respect to these defenses.  Simply asserting that Defendant engaged in a pattern of fraud does not establish the same to be true nor does it explain how such conduct would negate any contractual obligation Plaintiff had with respect to the debt.  Plaintiff's Motion will be denied.

Defendant's tenth affirmative defense argues that Plaintiff has failed to join indispensable parties, specifically the actual party to the agreement.  In her Motion, Plaintiff relies on the statements made with respect to the fourth and fifth defenses as proof of her entitlement to summary judgment as to the tenth defense.  For the reasons already discussed, Plaintiff's Motion again falls short as to the tenth defense and will be denied.

Next, Defendant states in its eleventh affirmative defense that Plaintiff is not entitled to treble damages because it did not engage in a pattern of knowing or willful misconduct.  In her Motion, Plaintiff directs the Court exclusively to the factual allegations

of her pleading.  Plaintiff fails, however, to make any argument or direct the court to any record evidence or legal authority supporting her Motion.  Nor does Plaintiff acknowledge or adequately refute, with more than conjecture and speculation, Defendant's denials of her claims and allegations.  Plaintiff's refuted allegations alone do not merit summary judgment as to Defendant's eleventh defense.

Defendant's twelfth affirmative defense asserts estoppel.  Again, Plaintiff limits her arguments to attempting to establish that Defendant was a party to the agreement. Plaintiff, however, fails to set forth the elements of estoppel and does not provide any persuasive argument regarding her entitlement to summary judgment on this defense. Therefore, her Motion will be denied. Furthermore, as the Court has already stated, Plaintiff has fallen far short of establishing any contractual relationship with Defendant.

The thirteenth affirmative defense contends that Plaintiff's claims are barred by the terms of the agreement, which Defendant argues allows for the disputed charge backs to Plaintiff.  Plaintiff's Motion argues that this is evidence of Defendant's fraud and again argues that Defendant is a party to the agreement and that any demand for money is fraudulent.   Nevertheless, Plaintiff fails to explicitly address the language of the agreement or provide citation to record evidence or legal authority supporting her argument that any such agreement is fraudulent.  Plaintiff has failed to prove that there is no material issue of fact regarding her contractual liability for the alleged debt and, therefore, summary judgment will be denied.

Defendant's fourteenth affirmative defense asserts that Defendant is entitled to a set off for any amounts paid or advanced to Plaintiff that are properly subject to charge back under the agreement.  Again, Plaintiff merely disputes, without citation to record

evidence or legal authority, her legal obligations for such charge backs, but does not otherwise provide any basis for the award of summary judgment in her favor.  Plaintiff's Motion will be denied as to Defendant's fourteenth defense.

The fifteenth affirmative defense posits that someone other than Defendant caused any damages suffered by Plaintiff.  Plaintiff's Motion simply states that "[t]he evidence of record denied this defense" without any citation to record evidence or legal authority. (Doc. 38 at 22).  At the very least, a question of fact certainly remains as to the role that AmeriLife and Health Services of Central Florida, LLC, with whom Plaintiff appears to have contracted, might have played in the alleged actions surrounding this lawsuit. Thus, Plaintiff's Motion is denied on this defense as well.

The sixteenth affirmative defense asserts the doctrine of laches.  In her Motion, Plaintiff merely references the arguments raised with respect to the fourth affirmative defense and fails to further elaborate on why this would overcome a claim of laches or entitle her to summary judgment on Defendant's sixteenth affirmative defense.  Plaintiff's Motion is therefore denied.

Defendant's seventeenth affirmative defense asserts waiver, and its eighteenth affirmative defense is a catchall assertion of any defenses contemplated by Federal Rule of Civil Procedure 8(c) not specifically stated.  Plaintiff's Motion does not even argue entitlement to summary judgment on these defenses and merely "denies" the same. (Doc. 38 at 22).  As Plaintiff has already been informed on at least two occasions, such responses and replies to affirmative defenses are not permitted.  (Doc. 26 at 1; Doc. 29 at 1).  Plaintiff's Motion is denied as to the seventeenth and eighteenth affirmative defenses.

To the extent Defendant argues that this Court should grant summary judgment in its favor pursuant to Rule 56(f), the Court declines Defendant's invitation.  Defendant is free to file its own independent motion for summary judgment that fully sets forth the bases for its entitlement to the same.

## IV.    CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Summary Judgment (Doc. 38) is **GRANTED in part** as set forth herein and **DENIED** in all other respects.

**DONE AND ORDERED** in Orlando, Florida on March 5, 2024.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party