# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ZOE AJJAHNON,

       Plaintiff,

v.                                                   Case No:   6:22-cv-329-JSS-LHP

AMERILIFE OF NORTH CAROLINA, LLC,

       Defendant

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (Doc. No. 54)
>
> **FILED:** April 25, 2024
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff, proceeding *pro se*, has filed the above-styled "Motion for Injunctive Relief," which, in substance, appears to be seeking a protective order related to her deposition. Doc. No. 54. Upon review, the motion is due to be denied without

prejudice. First, the motion fails to comply with Local Rule 3.01(g). Second, the motion cites no legal authority in support, in particular insofar as Plaintiff asks the Court to "bar this discovery method." *See* Local Rule 3.01(a). Third, to the extent that the motion relies on an in-person deposition notice, no such notice is attached to the motion. *See* Doc. No. 35 ¶ 3.

Any renewed motion must fully comply with all Local Rules and Court Orders. *See also* Doc. No. 29 (cautioning Plaintiff that although she proceeds *pro se*, her *pro se* status does not absolve her from the obligation to comply with all applicable Court Orders, Local Rules, and Federal Rules of Civil Procedure (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989))).[1]

**DONE** and **ORDERED** in Orlando, Florida on April 29, 2024.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that on April 2, 2024, Plaintiff filed a notice of interlocutory appeal challenging a March 5, 2024 Order granting in part and denying in part Plaintiff's motion for summary judgment. Doc. No. 51; *see also* Doc. No. 45. No party has moved to stay discovery or any other pretrial proceedings in this case pending the resolution of the interlocutory appeal, and as noted in the Report and Recommendation docketed earlier today, *see* Doc. No. 55, it does not appear that the interlocutory appeal will move forward, and as such any stay would not be warranted. *See, e.g.*, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd.*, No. 19-CV-23590, 2020 WL 3489372, at *4 (S.D. Fla. June 26, 2020) (denying stay of discovery where court also denied certification of an interlocutory appeal).

- 3 -

Copies furnished to:

Counsel of Record
Unrepresented Parties