# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ZOE AJJAHNON,

        Plaintiff,

v.                                                Case No:   6:22-cv-329-JSS-LHP

AMERILIFE OF NORTH CAROLINA, LLC,

        Defendant

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S RENEWED MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 65)
>
> **FILED:** May 20, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

The discovery deadline in this case is May 31, 2024. Doc. No. 34, at 1. On May 9, 2024, Plaintiff, appearing *pro se*, served on Defendant a document titled,

"Subpoena: Plaintiff's Requests for Evidentiary Documents from Defendant," pursuant to Federal Rule of Civil Procedure 45. Doc. No. 65-1. By the above-styled motion, Defendant seeks to quash that subpoena as improper and/or for a protective order thereon, and asks to recover its fees incurred in responding to the subpoena in the amount of $500.00. Doc. No. 65. Plaintiff opposes, arguing that the information sought by the subpoena is relevant, and Plaintiff "concurrently motions the Court to Allow Plaintiff's subpoenaed discovery requests." Doc. No. 72.

Upon review, the "subpoena" is due to be quashed for the reasons argued in Defendant's motion. Specifically, the subpoena is facially deficient as it was not issued by the Clerk of Court nor an attorney, but instead by Plaintiff herself. *See* Doc. No. 65-1; *see also* Fed. R. Civ. P. 45(a)(3) ("The clerk must issue a subpoena . . . [or] [a]n attorney . . . authorized to practice in the issuing court."). The subpoena also does not comply with all of the requirements of Rule 45. Fed. R. Civ. P. 45(a)(1), (b).

Moreover, the request for production of discovery documents from Defendant should have been made as a request for production under Rule 34, rather than by subpoena under Rule 45. It appears that Plaintiff seeks to proceed under Rule 45 solely to circumvent the timing requirements of Rule 34, and in order to not run afoul of the May 31, 2024 discovery deadline. *See Regions Bank v. Hyman*, No.

8:09-cv-1841-T-17MAP, 2013 WL 12166236, at *1 (M.D. Fla. Aug. 15, 2013) ("The distinctions between Rules 34 and 45 are not without significance. For example, Rule 34 gives the responding party 30 days to answer; in contrast, Rule 45's time limits are potentially less."). This is improper, and the subpoena is due to be quashed. *See Hatcher v. Precoat Metals*, 271 F.R.D. 674, 676 (N.D. Ala. 2010) (granting motion to quash Rule 45 subpoena served on party where the discovery requests should have been made under Rule 34); *see also Suarez v. Padron*, No. 18-23930-CIV, 2019 WL 13256088, at *1 (S.D. Fla. Mar. 25, 2019) ("[D]istrict courts have found that even if a Rule 45 subpoena were properly served on a party, the subpoena cannot function to circumvent other discovery rules that apply to a party.").[1]

However, to the extent that Defendant seeks fees and costs for responding to the subpoena, the request will be denied, as Defendant does not establish undue burden or other grounds that would entitle it to fees under Rule 45. *See* Doc. No. 65, at 3; *see also* Fed. R. Civ. P. 45(d)(1) (subjecting offending party to sanctions in the form of attorney's fees where he fails to take reasonable steps to avoid imposing undue burden or expense on person subject to subpoena). Nor does Defendant

---

[1] Given that the subpoena will be quashed, the Court does not substantively address Defendant's alternative request for a protective order under Rule 26.

adequately brief whether fees would be appropriate under Rule 26(c)(3).   Doc. No. 65; *see also* Fed. R. Civ. P. 37(a)(5)(A).[2]

Finally, to the extent that Plaintiff's response is also labeled as a "motion," the filing is improper, as it fails to comply with the Standing Order on Discovery Motions,[3] and otherwise improperly embeds a request for affirmative relief.   *See* Doc. No. 35; *Armington v. Dolgencorp. Inc.*, No. 3:07-cv-1130-J-JRK, 2009 WL 210723, at *2 (M.D. Fla. Jan. 20, 2009) ("It is not appropriate to seek an order for affirmative relief in a response to a motion.").   And in any event, Plaintiff fails to support the request to "allow" the discovery by citation to legal authority or otherwise.   *See* Doc. No. 72.   Given the May 31, 2024 discovery deadline, a request under Rule 34, served on May 9, 2024, would be untimely.   *See* Fed. R. Civ. P. 34(b)(2)(A) (allowing 30 days to respond); Doc. No. 34, at 4 ("Each party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline."). Accordingly, to the extent that the response is also a motion, it is due to be denied.

---

[2] The Court notes that the legal basis for Defendant's fee request is not even clear from the motion.   *See* Doc. No. 65, at 3.

[3] To the extent construed solely as a response, the response also violates the word limitation requirement of the Standing Order on Discovery Motions.   Doc. No. 35 ¶ 2. Nonetheless, given Plaintiff's *pro se* status, and the impending May 31, 2024 discovery deadline, the undersigned has considered the response in resolving the above-styled motion.

For the reasons discussed herein, Defendant's Renewed Motion to Quash and/or for Protective Order (Doc. No. 65) is **GRANTED in part**, to the extent that the May 9, 2024 Subpoena (Doc. No. 65-1) is hereby **QUASHED**. Defendant's Motion (Doc. No. 65) is **DENIED in all other respects**. Plaintiff's Motion to Allow Plaintiff's Subpoenaed Discovery Requests embedded in Plaintiff's response (Doc. No. 72) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 30, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties